**ELLA M. KELLY & WYNDHAM, INC., a corporation of the State of Delaware, Plaintiffs Below, Appellants,**

v.

**Charles H. BELL et al., Defendants Below, Appellees.**

Supreme Court of Delaware.

April 29, 1970.

Vincent A. Theisen, and William H. Uffelman, Jr., of Theisen, Lank & Kelleher, Wilmington, for plaintiffs below, appellants.

James M. Tunnell, Jr., and Richard L. Sutton, of Morris, Nichols, Arsht & Tunnell, Wilmington, and William S. Potter, and Charles S. Crompton, of Potter, Anderson & Corroon, Wilmington, for defendants below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

This appeal from the Court of Chancery involves a derivative action brought by two stockholders of United States Steel Corporation (Steel) seeking to hold the directors of Steel personally liable for certain sums of money paid to county and local taxing authorities in Allegheny County, Pennsylvania. The Chancellor granted summary judgment in favor of the directors. The facts are fully set forth in the opinion below, 254 A.2d 62, and we shall do no more than summarize them here.

For many years prior to 1957, the taxing authorities in Allegheny County levied taxes on machinery, tools, appliances, and other equipment used in industrial establishments, whether attached to the realty or not. This power of taxation had existed throughout Pennsylvania but was eliminated as to all counties except Allegheny in 1953 because it had proven to be detrimental to the expansion of industry and employment. Allegheny County and its municipalities were excepted because of their great reliance upon, and revenue from, the tax. In 1957, however, that County had become so economically ill that its people came to realize the vital need of eliminating this machinery tax; but some way had to be found to provide continued revenue until the County's economy improved, if the tax were eliminated. After much public discussion and publicity, several large corporations (the largest of which was Steel)

which had plants in the County agreed that, if the tax should be eliminated by the Legislature, they would nevertheless continue voluntarily to pay the amount thereof on existing machinery, but not on any new machinery thereafter installed. Largely because of these promises, the Legislature repealed the taxing power with the approval of the Governor. Steel's officers, three of whom were directors, approved the plan and caused Steel to make the payments as agreed. Steel's remaining directors, when they ultimately learned of the plan, apparently tacitly acquiesced in it without formal resolution. The present suit seeks to require the directors to reimburse Steel for these payments, and to restrain them from making any such future payments.

The Chancellor was of the opinion that the payments were in effect donations and were justified as coming within the "sound business judgment" rule. We have doubts about describing the payments as gifts. They were not so treated by Steel; moreover, in making the agreement, the officers believed with good reason that Steel would derive substantial financial benefit therefrom—a belief which has apparently proven justified. We do not decide, however, into what category the payments properly fall. Nor do we decide whether the promise and the payments thereunder are contrary to any public policy of Pennsylvania; even if they did in fact violate some such public policy, the directors or officers were not necessarily liable to the corporation because they honored the commitment, provided they exercised honest business judgment in doing so. Glassberg v. Boyd, 35 Del.Ch. 293, 116 A.2d 711, is an excellent illustration of this point.

The record before us contains no suggestion of fraud. There is no evidence that any director or officer was motivated by expectation of personal gain, by bad faith or by any consideration other than that of doing what was best for Steel. For the reasons set forth in the Chancellor's opinion, we agree with his decision that these acts are governed by the "business judgment" rule, and were in fact the result of the exercise by them of honest business judgment.

We do not reach other grounds of the appeal.

Affirmed.